UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KAMIN HEALTH LLC,

    Plaintiff,

    v.

PINCHAS HALPERIN and PINCHAS HALPERIN LLC,

    Defendants.

Case No.: 20 Civ. 5574

JURY TRIAL DEMANDED

**COMPLAINT**

---

## NATURE OF THE ACTION

1. This is an action to recover for the damage caused by, and to prevent further damage arising from, Defendants' acts of trademark infringement, passing off, violations of General Business Law § 133, state law dilution, injury to business reputation, common law unfair competition and misappropriation, and unjust enrichment.

2. The Kamin Health LLC brand is used by several urgent care centers through the New York City metropolitan region, including the Kamin Health Urgent Care Center in Boro Park, Kamin Health Urgent Care Center in Crown Heights, and the Kamin Health Urgent Care Center at Union Medical in Fresh Meadows, New York. Until recently, the Kamin Health network also included a location in Williamsburg, Brooklyn—which shuttered due to operating conditions.

3. Since then, Defendants have started to operate a new urgent care business at the same location without changing any of the signage, thereby making use of Plaintiff's name, brand and trademarks without authorization.

4. On information and belief, Defendants have generated substantial revenue from their unauthorized and infringing use of the Kamin Health name and its trademarks. Moreover,

Defendants are running their business poorly, including by failing to use proper PPE during the COVID pandemic, which is among the causes that are injuring Plaintiff's brand. Defendants are causing great and irreparable harm to Plaintiff.

5. Plaintiff seeks preliminary and permanent injunctive relief and compensatory and punitive damages based on Defendants' acts of trademark infringement, dilution, misappropriation, and unfair competition in violation of the laws of the United States and the State of New York.

6. This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and § 133 of the New York General Business Law, as well as the common law of the State of New York.

## PARTIES

7. Plaintiff Kamin Health LLC is a domestic limited liability company, duly organized on November 8, 2016, under the laws of the State of New York.

8. Defendant Pinchas Halperin LLC is a domestic limited liability company, duly organized on September 14, 2018, under the laws of the State of New York.

9. Defendant Pinchas Halperin is an individual, who, upon information and belief, resides in Brooklyn, New York. Upon information and belief, Defendant Pinchas Halperin is the sole principal and owner of Pinchas Halperin LLC.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over in this action pursuant 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 for claims arising under the Lanham Act, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for all other claims arising under the laws of the State of New York.

11. This Court has personal jurisdiction over Defendants because they reside and conduct business in the Eastern District of New York and because the allegations herein are taking place and causing Plaintiff's injury in this judicial district.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the Defendants reside in this district and a substantial part of the events giving rise to the claims occurred in this district.

## FACTS

13. Plaintiff Kamin Health LLC is the exclusive owner of the Kamin Health name and brand, including any and all trademarks relating thereto, and any other such rights or interests in using that name and brand for the purpose of operating urgent care centers or other medical-related facilities.

14. Since its incorporation, Kamin Health LLC has continually invested in its reputation through various advertising campaigns that make use of its trademark name and brand, including through its website at www.kaminhealth.com. In addition, Kamin Health has been actively involved in the community, in a continuous effort to support the brand.

15. As a result of these efforts, Kamin Health's customers, and the general public, have come to recognize the Kamin Health name as a well-managed and dependable group of health clinics on which they can rely to address their urgent medical needs. The Kamin brand and marks are consequently distinctive by virtue of having acquired a "secondary meaning" in the minds of consumers and are inherently distinctive, and their intrinsic nature serves to identify their particular source.

16. Pursuant to an Operating Agreement dated October 18, 2018, Kamin Health Williamsburg LLC was formed to manage an urgent care center in the Williamsburg section of

Brooklyn. The business was owned 50/50 by Defendant Pinchas Halperin LLC and UC Management LLC.

17. The urgent care operated at 70 Lee Avenue in a building that is owned by Lee Avenue Estates LLC. On information and belief, Lee Avenue Estates LLC is wholly owned by Defendant Pinchas Halperin.

18. Plaintiff allowed its affiliated entity UC Management LLC to make use of the Kamin Health brand, name, and trademarks. UC Management LLC in turn granted a limited license to Kamin Health Williamsburg LLC, allowing the urgent care to make use of the Kamin Health brand, name, and trademarks, in connection with the operation of the Williamsburg urgent care center.

19. The owners of the Williamsburg urgent care later became embroiled in a business dispute, which eventually became the subject of arbitration proceedings before a Beth Din (a traditional Jewish rabbinical court). Related proceedings have been litigated before the Supreme Court of the State of New York for Kings County in *Pinchas Halperin LLC v. UC Management LLC, et al*, N.Y. Supreme Court, Index No. 5521021/19. (Plaintiff Kamin Health LLC is not a party to the operating agreement and its Beth Din arbitration clause and is also not a party to the Supreme Court litigation.)

20. Due to operating and business conditions, the Kamin Health Urgent Care Center in Williamsburg shuttered its doors on or about September 17, 2020.

21. On or about November 11, 2020, Plaintiff learned that Defendants were operating an urgent care center at the same location as the former Kamin Health Williamsburg LLC, without having changed any of the signage, forms, or other branding at the location. They were effectively passing themselves off as the same entity, in direct violation of Kamin Health LLC's trademark rights, common law service mark rights, and trade name rights.

22. The urgent care business that Defendants are now operating at 70 Lee Avenue is a completely separate from the former Kamin Health Williamsburg LLC that once conducted its business at that same location.

23. Defendants' use of the Kamin Health name in connection with the operation of an urgent care center at the exact same location as the former Kamin Health Urgent Care Center in Williamsburg, Brooklyn, is likely to cause substantial confusion among customers who might reasonably believe that the entity operating under the same name at that same location is the same entity as before—when it is, in fact, it is in no way affiliated with Kamin Health LLC and/or any of its affiliates.

24. In fact, Mr. Yitzchok Kaminetzky—from whom the Kamin name derives—has already been made aware of such confusion by members of the community who have reached out to him citing concerns about the apparent lack of safety precautions to guard against COVID-19 transmission at the urgent care center that is apparently now run by Mr. Halperin.

25. On or about November 12, 2020, Plaintiff sent a letter to Defendants' attorney, demanding that Defendants cease and desist from all further infringement of Kamin Health's trademarks, and any and all other unauthorized uses of its name, brand, and images or signage tending to suggest that the urgent care center under Defendants' management at the 70 Lee Avenue location is in any way affiliated with Plaintiff and its Kamin brand.

26. Specifically, the letter requested that Defendants "immediately cease-and-desist from using the Kamin Health name, brand, and trademark—including the removal of all signage, both outside and inside the facility, and any forms or other materials used in connection with the operation of … [Defendants'] urgent care business."

27. Upon information and belief, Defendants have made no effort to comply with Plaintiff's cease-and-desist letter, and have instead continued to operate freely under the Kamin Health name, causing substantial harm and injury to Plaintiff's reputation, among other things.

28. Upon information and belief, Defendants' infringing conduct has continued to cause confusion among persons familiar with Plaintiff's services and business and is likely to continue to cause such confusion.

29. Upon information and belief, Plaintiff has also lost, and will continue to lose, business from loyal customers who would otherwise opt to seek medical care and services at a legitimate Kamin Health location, such as the Kamin Health Urgent Care Center in the Crown Heights section of Brooklyn, if they did not know that the urgent care center currently run by Defendants at 70 Lee Avenue location is in no way affiliated with Kamin Health LLC, or if they experienced poor medical care at Defendants' Williamsburg urgent care.

30. Defendants' wrongful conduct has deprived and, on information and belief, will continue to deprive Plaintiff of opportunities for expanding its goodwill.

31. Upon information and belief, unless enjoined by this Court, Defendants will continue their course of conduct and wrongfully use, infringe upon, and otherwise profit from the unauthorized use of Plaintiff's trademarks.

32. As a direct and proximate result of Defendants' acts alleged herein, Plaintiff has already suffered irreparable injury and has sustained substantial lost profits and injury to its reputation.

33. Unless enjoined, the Defendants' conduct will continue to injure both Plaintiff and the public.

## COUNT I

### Trademark Infringement in Violation of Section 43(a) of the Lanham Act
### 15 U.S.C. § 1125(a)

34. Plaintiff hereby repeats each and every allegation contained in the paragraphs above as if fully set forth herein.

35. Section 43(a) of the Lanham Act provides, in relevant part, that:

> (1) Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

36. Defendants have knowingly and willfully infringed Plaintiff's trademarks by their unauthorized use of the "Kamin Health" name, brand, images, and signage in conjunction with their operation of an urgent care center at 70 Lee Avenue in the Williamsburg section of Brooklyn, New York.

37. Defendants' activities violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) because they have caused and are likely to cause confusion or mistake by consumers with respect to Defendants' affiliation, connection, or association with Plaintiff's operation of the Kamin Health brand.

38. Defendants' wrongful use of the "Kamin Health" name, brand, images and signage is usurping the reputation and goodwill associated with Plaintiff's trademark.

39. Defendants' wrongful acts will continue unless and until enjoined by this Court.

40. Defendants' acts have caused and will continue to cause irreparable injury to the Plaintiff. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## COUNT II

### Passing Off

41. Plaintiff hereby repeats each and every allegation contained in the paragraphs above as if fully set forth herein.

42. Defendants' acts, as set forth herein, are likely to cause consumer confusion as to the origin, sponsorship or approval of Defendants' services and further constitute passing off, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under the common law of the State of New York.

## COUNT III

### Common Law Trademark Infringement

43. Plaintiff hereby repeats each and every allegation contained in the paragraphs above as if fully set forth herein.

44. Defendants' acts, as set forth herein, constitute trademark infringement under the common law of the State of New York.

45. By reason of Defendants' activities complained of herein, Plaintiff has been and is being irreparably damaged by such acts, resulting in profits to Defendants to which Plaintiff is entitled.

## COUNT IV

### Use of Name with Intent to Deceive
### Gen. Bus. Law § 133

46. Plaintiff hereby repeats each and every allegation contained in the paragraphs above as if fully set forth herein.

47. General Business Law section 133 provides that:

> No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, … which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation….

> Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain such actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby.

Gen. Bus. Law § 133.

48. The conduct by Defendants, as alleged herein, constitutes the assumption, adoption or use in bad faith and with the intent to deceive or mislead the public, for advertising purposes or purposes of trade, of a name, designation or style, or a symbol or simulation thereof, which may deceive or mislead the public as to the identity of Defendants or their goods and services, or as to the connection of Defendants with Plaintiff, in violation of Section 133 of the General Business Law.

## COUNT V

### Trademark Dilution
### Gen. Bus. Law § 360-l

49. Plaintiff hereby repeats each and every allegation contained in the paragraphs above as if fully set forth herein.

50. General Business Law Section 360-l provides that:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

Gen. Bus. Law § 360-l.

51. Defendants' use of Plaintiff's trademarks has diluted and is likely to dilute that mark in violation of General Business Law § 360-l.

52. As a result, Plaintiff has and will continue to suffer damage to the value of its marks or trade names unless remedied by this Court.

## COUNT VI

### Injury to Business Reputation

53. Plaintiff hereby repeats each and every allegation contained in the paragraphs above as if fully set forth herein.

54. Defendants' intentional acts have caused and will continue to cause Plaintiff substantial harm and irreparable injury and will dilute the value of Plaintiff's trademarks.

55. As a result, Plaintiff has and will continue to suffer damages to the value of its business reputation and the Kamin Health trademarks unless remedied by this Court.

## COUNT VII

### Unfair Competition and Misappropriation

56. Plaintiff hereby repeats each and every allegation contained in the paragraphs above as if fully set forth herein.

57. Plaintiff has acquired a reputation for quality and reliability for its operation of urgent care centers, and its customers have come to identify the Kamin Health marks as identifying urgent care services emanating exclusively from Plaintiff. As a result, that trademark represents a valuable asset to Plaintiff.

58. Defendants have improperly benefited from Plaintiff's good will and valuable rights in and to the Kamin Health trademarks.

59. Defendants have acted knowingly and with reckless disregard of Plaintiff's valuable rights, in bad faith, and with the intent of deceiving the public.

60. The acts of Defendants as alleged herein constitute unfair competition and misappropriation of Plaintiff's common law trademark rights under the laws of the State of New York, which will cause irreparable injury to Plaintiff unless enjoined by this Court.

## COUNT VIII

### Unjust Enrichment

61. Plaintiff hereby repeats each and every allegation contained in the paragraphs above as if fully set forth herein.

62. As a result of Defendants' intentional acts as described herein, including through Defendants' unauthorized use of Plaintiff's trademark and wrongful diversion of customers from other urgent care centers that are properly affiliated with Kamin Health LLC, Defendants have been unjustly enriched and has benefited at Plaintiff's expense.

63. Equity and good conscience require restitution of any sums that Defendants have obtained as a result of its acts as described herein.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment to be entered against Defendants:

64. preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and attorneys, and those persons acting in concert with them from further violating 15 U.S.C. § 1125(a) and inducing, contributing to, causing, engaging, or authorizing any individual or entity to perform any of the aforementioned acts, and from engaging in common law infringement, dilution, passing off, unfair competition, and misappropriation;

65. directing Defendants to account to Plaintiff for any and all gains, profits and advantages derived from Defendants' wrongful acts complained of;

66. directing Defendants to file with the Court and serve upon attorneys for Plaintiff within 30 days after entry of any preliminary or permanent injunction issued by this Court, a sworn written statement setting forth in detail the manner and form in which it has complied with the injunction;

67. awarding damages to Plaintiff against Defendants, according to proof at trial;

68. awarding Plaintiff punitive damages in an amount to be determined at trial;

69. awarding Plaintiff its costs pursuant to 17 U.S.C. § 505; and

70. granting any such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. Rule 38.

Dated: November 16, 2020
      New York, NY

POLLOCK COHEN LLP

By:   /s/ *Adam Pollock*
      Adam Pollock
      Agatha M. Cole
      60 Broad Street, 24th Floor
      New York, NY 10004
      Adam@PollockCohen.com
      Agatha@PollockCohen.com
      Tel: (212) 337-5361