UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| KAMIN HEALTH LLC, | : Docket No. 20 Civ 5574 |
| Plaintiff, | : ANSWER WITH RESERVATION TO ASSERT COUNTERCLAIMS AND/OR |
| - against - | : THIRD-PARTY CLAIMS |
| PINCHAS HALPERIN and PINCHAS HALPERIN LLC, | : JURY TRIAL DEMANDED |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants, Pinchas Halperin and Pinchas Halperin LLC. ("Defendants"), by and through their attorneys, **Levine & Associates, P.C.**, answering the Complaint of the Plaintiff dated November 16, 2020 (the "Complaint"), and reserving the right to assert counterclaims and/or Third-party claims in the event that this matter does not proceed to arbitration, respectfully sets forth and alleges as follows, without waiving, and specifically reserving, their right to move to compel arbitration of the issues raised therein:

## ANSWERING THE COMPLAINT:

1. **ADMIT** the allegations contained in paragraphs designated 8, 9, 16 and 17 of the Complaint.

2. **DENY** each and every allegation contained in paragraphs designated 3, 4, 13, 20, 21, 22, 23, 27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42, 44, 45, 48, 51, 52, 54, 55, 58, 59, 60, 62, and 63 of the Complaint.

3. **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraphs designated 7, 14, 15, and 57 of the Complaint and, therefore, preliminarily **DENY** the same.

4.  With respect to paragraphs designated 1, 5 and 6 of the Complaint, **ADMIT** that Plaintiff purports to state claims related to the alleged improper use of an alleged trademark and that these paragraphs same accurately sets forth the relief sought by Plaintiff, but **DENY** that any such relief is appropriate or recoverable under the facts of this Action.

5.  With respect to paragraph designated 2 of the Complaint, **ADMIT** that there are several independent entities engaged in urgent care services that use the work "Kamin" in their name, however **DENY** that Kamin Health Williamsburg LLC was part of any "network" or otherwise associated in any manner with any other entity using the word "Kamin" in its name and further **DENY** that Kamin Health of Williamsburg "shuttered due to operating conditions."

6.  With respect to paragraphs designated 10 and of the Complaint, **ADMIT** that, in this action Plaintiff attempts to assert claims under the Lanham Act and state statutes, and that this Court has federal question jurisdiction over such claims and supplemental jurisdiction over New York state law trademark claims, however assert that the within action is required to proceed to arbitration which would divest this Court of jurisdiction, but further **DENY** the substance of all of the alleged claims.

7.  With respect to paragraphs designated 11 and of the Complaint, **ADMIT** that the Defendants are subject to personal jurisdiction in the State of New York, but **DENY** the remaining allegations in this paragraph of the Complaint and further **DENY** that venue is proper on the grounds of a forum selection clause in an agreement applicable to the parties and to this dispute.

8.  With respect to paragraph designated 18 of the Complaint, **ADMIT** that Plaintiff and U C Management LLC are related entities, but **DENY** that U C Management granted any "limited license" to Kamin Health Williamsburg LLC of that the use by that entity of the term "Kamin Health" required any license.

9. With respect to paragraph designated 19 of the Complaint, **ADMIT** that there is pending litigation and arbitration proceedings involving multiple parties associated with Kamin Health of Williamsburg, LLC, but **DENY** that the characterizations of the same in this paragraph are accurate.

10. With respect to paragraphs designated 25 and 26 of the Complaint, **ADMIT** that Plaintiff's counsel sent a letter to counsel to Defendants on or about November 12, 2020, however respectfully refer the interpretation of the contents of the same to the Court and further **DENY** that the demands and/or requests therein were authorized or appropriate.

11. With respect to paragraphs designated 35, 47 and 50 of the Complaint, respectfully refer the interpretation of all statutes to the Court.

12. Repeat, reiterate and reassert each response heretofore set forth herein with respect to such corresponding allegations as are incorporated by reference in paragraphs designated 34, 41, , 43, 46, 49, 56 and 61 of the Complaint, with the same force and effect as though more fully set forth herein at length.

## FURTHER ANSWERS AND AFFIRMATIVE DEFENSES:

By way of further Answer and as affirmative defenses, Defendants **DENY** that either of them are liable to Plaintiff on any of the claims alleged and further **DENY** that Plaintiff is entitled to compensatory damages, treble or punitive damages, equitable relief, attorneys fees, cots, pre-judgment interest or to any relief whatsoever, and state as follows:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:
### [Mandatory Arbitration]

13. Heretofore, and in or about October of 2018, Defendant Pinchas Halperin LLC and U C Management LLC, an entity owned by Yitzchak Kaminetzky (who is also the owner of Plaintiff) entered into an Operating Agreement for Kamin Health Williamsburg LLC.

14.  The said Operating Agreement provided, *inter alia*, that U C Management LLC "shall contribute the license to the use of the brand name "Kamin Health" by the LLC, at no cost, which license shall continue for so long as [U C Management LLC] owns its membership interest in the LLC."

15.  The said Operating Agreement further provided, *inter alia*, as follows:

## 17. Arbitration

Any and all controversy, claim, dispute, etc., in any way relating to, arising under or resulting from this Agreement shall, in accord with Jewish Law, be submitted for arbitration to Bais Hora'ah Etz Chaim in Brooklyn, New York, under the leadership of Harav Chaim Kohn or as mutually agreed otherwise ("Rabbinical Court") and not to any secular court, tribunal or the like except upon written permission of said Rabbinical Court. The Rabbinical Court may award monetary damages or direct specific performance or allow such other remedy as it may deem appropriate including the issuance of an "IKEL" and such Rabbinical Court's decision/order/award (collectively "Award") shall be final and binding on the parties. The rules and conduct of said arbitration proceedings shall be as determined by said Rabbinical Court, in its sole and absolute discretion, except if expressly prohibited by law. The cost for said Rabbinical Court proceedings shall be borne equally by the parties unless said Rabbinical Court directs otherwise. Judgment upon the Award rendered may be entered in any court having jurisdiction thereof.

16.  The issue of the use of the term "Kamin Health" was clearly a subject matter of the said Operating Agreement and any dispute concerning the same was required to be arbitrated before the designated arbitration panel.

17.  Yitzchak Kaminetzky, as owner of both U C Management LLC and Kamin Health LLC clearly intended the latter to be bound by the arbitration clause insofar as it required the disposition of "any and all controversy, claim, dispute, etc., in any way relating to, arising under or resulting from this [Operating] Agreement."  The use and rights to the purported Trademark "Kamin Health" were clearly a subject matter of the Operating Agreement.

4

18.   As such, any dispute regarding the use of the term "Kamin Health" must be arbitrated before the designated panel, rather than litigated before this Court.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:
### [Failure to State a Claim]

19.   The Complaint, on one or more Counts set forth therein, fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:
### [First Sale Doctrine]

20.   The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:
### [Unclean Hands]

21.   Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:
### [Laches]

22.   Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendants' actions.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:
### [Generic Terms]

23.   The claims made in the Complaint are barred, in whole or in part, on the basis that the alleged mark is, at least in part, generic.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:
### [Lack of Secondary Meaning]

24.   The claims made in the Complaint are barred, in whole or in part, on the basis that the alleged mark lacks secondary meaning.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:
### [Waiver, Acquiescence, and Estoppel]

25. Each of the purported claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:
### [Non-Infringement]

26. Neither Defendant has infringed any trademark under federal or state law

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:
### [No Causation]

27. Plaintiff's claims against Defendants are barred because Plaintiff's damages, if any, were not caused by either Defendant.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:
### [No Damage]

28. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:
### [Lack of Irreparable Harm]

29. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from any alleged actions on the part of Defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:
### [Adequacy of Remedy at Law]

30. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:
### [Failure to Mitigate]

31.  The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:
### [Duplicative Claims]

32.  Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:
### [Abandonment]

33.  The claims made in the Complaint are barred, in whole or in part, by abandonment of any alleged mark.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:
### [Third-Party Use]

34.  The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any alleged mark.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:
### [Actions of Others]

35.  The claims made in the Complaint are barred, in whole or in part, because Defendants is not liable for the acts of others over whom they have no control.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE:
### [No Punitive Damages]

36.  Defendants allege that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and New York because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States

and New York Constitutions; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the New York Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty; (iv) any such award is precluded or limited by the due process clause of the United States Constitution; and (v) punitive damages would violate the United States and New York Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

### ADDITIONAL DEFENSES

37.  Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery if this action proceeds before this Court.

### RESERVATION OF RIGHT TO ASSERT COUNTERCLAIMS AND THIRD-PARTY CLAIMS

38.  Defendants reserve the right to assert Counterclaims against Plaintiff, and Third-party claims against other persons and/or entities in the event that this mater continues before this Court as opposed to an arbitration tribunal.

**WHEREFORE**, Defendants respectfully request judgment as follows:

1.      That Plaintiff takes nothing by way of its Complaint;

2.      That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

3.      That Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees and expenses; and

4.    That Defendants be awarded such other, further and different relief as the Court deems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Defendants respectfully demand that a jury trial of all issues in this case take place.

Dated: December 11, 2020

LEVINE & ASSOCIATES, P.C.

By: _____
              Michael Levine

15 Barclay Road
Scarsdale, NY  10583
Telephone (914) 600-4288
Facsimile (914) 725-4778
e-mail: ml@LevLaw.org

*Attorneys for Defendants*