# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

15 Barclay Road
Scarsdale, New York  10583
e-mail: ml@LevLaw.org
Fax  (914) 725-4778
Telephone  (914) 600-4288

January 14, 2021

Hon. Diane Gujarati, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

### RE: Kamin Health v. Pinchas Halperin, et. ano. (20-5574)

Dear Judge Gujarati:

We honestly did not expect there to be any objection to a first-time request for a brief adjournment because of my involvement in another matter.  However, counsel's representation that "Defendants are causing ongoing harm to Plaintiff's brand through their **continued** unauthorized use of its trademarked materials" (emphasis added) is entirely false and we expect to seek Rule 11 sanctions for that false representation.  Not only are the Defendants *not* the proper parties to this action, not only is there an ongoing contractual right to use the subject materials, not only is there a mandatory arbitration provision in the licensing agreement, but the "signs" that are claimed to violate the purported trademark have not been up for weeks, and I so advised counsel by phone.[1]  This case is the tail wagging the dog in the war between Pinchas Halperin and Yitzchak Kaminetzky (Plaintiff's principal), which involves multiple state court actions and a scheduled contempt hearing for Kaminetzky's diversion of hundreds of thousands of dollars in funds in violation of a temporary restraining Order and Preliminary Injunction issued by two different judges in the state court.

This case is nothing even remotely resembling "simple."  The fact that a request for a brief, one week, adjournment is met with such resistance should make it obvious that Plaintiff does not feel comfortable with its case on the merits and would rather obtain relief without this Court having a full record.  We respectfully request that the Court grant the very brief extension sought.

Respectfully,

MICHAEL LEVINE

cc. Adam Pollock, Esq. (via ECF and e-mail)

---

[1]  The photographs accompanying the motion were taken, upon information and belief, in December, shortly after Kaminetzky abandoned the business.  The same were taken down (even though there was no requirement to do so) as quickly as was feasible.  Current photographs will be submitted with the opposition and cross-motion papers.